# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 2, 2010

No. 09-60788
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of: SUSAN LISA CAMPBELL,

     Debtor

------------------------------------------------------

SUSAN LISA CAMPBELL, also known as Lisa Caskill,

     Appellant

v.

R. MICHAEL BOLEN,

     Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:09-cv-25

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60788

William Cohn, the attorney for the debtor-appellant, Susan Lisa Campbell, appeals an order of the United States Bankruptcy Court for the Northern District of Mississippi. That court ruled that pursuant to Uniform Local Rule 83.1, adopted in 2006—requiring persons be admitted to the Mississippi bar in order to be admitted to practice before the Northern District of Mississippi—Cohn shall only be allowed to practice before the Northern District "upon admission *pro hac vice*." Cohn acknowledges that he has never been admitted to the Mississippi bar, although according to documents submitted to this court, he was admitted to practice before the Northern District of Mississippi in 1982. The bankruptcy court's order was affirmed by the District Court for the Northern District of Mississippi.

Any argument Cohn could have raised before this court is waived. "Generally speaking, a[n] [appellant] waives an issue if he fails to adequately brief it." *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001). Under the Federal Rules of Appellate Procedure, a brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and . . . for each issue, a concise statement of the applicable standard of review." Fed. R. App. P. 28(a)(9).

Ironically for an attorney seeking to defend his right to practice before a federal court, Cohn fails to provide any standard of review. Although his brief does contain a section titled "Standard of Review," it is void of any authority or discussion of how we might analyze the case in light of the arguments and rulings below. From his two and a half page argument section we can surmise three possible bases that Cohn intends to suggest justify reversal: that the bankruptcy court's order violates (1) the Due Process Clause; (2) the Ex Post Facto Clause; and (3) the general rules against statutory retroactivity. He cites no authority, beyond the Constitution, in support of his Due Process Clause argument. The citations he provides in support of his Ex Post Facto Clause

argument comport with no system of citation of which we are aware and change from paragraph to paragraph. Further, he makes no effort to rebut the district court's conclusion that the order is "civil and regulatory in nature" and thus the Ex Post Facto Clause is inapplicable. His only reasoning in support of his retroactivity argument is that Uniform Local Rule 83.1 is "not a judicial decision, but is a regulation." While we will liberally construe a pro se petitioner's brief, we have no such obligation to an attorney seeking to defend his admission to a federal bar. Accordingly, we conclude that the arguments on appeal have been waived and therefore DISMISS the appeal.